**Thayer FAYERWEATHER**

v.

**John MORAN, Director, Department of Corrections.**

**Civ. A. No. 88–0463–T.**

United States District Court,
D. Rhode Island.

Oct. 23, 1990.

44

Barbara Hurst, Providence, R.I., for petitioner.

Caroline Cornwell, Providence, R.I., for respondent.

## DECISION AND ORDER

TORRES, District Judge.

This is a petition by Thayer Fayerweather for a writ of habeas corpus pursuant to Title 28 U.S.C. § 2254. It is presently before the Court for consideration of Fayerweather's appeal from a Magistrate's Report and Recommendation issued pursuant to Title 28 U.S.C. § 636 which recommends denial of the petition. The issue presented is whether Fayerweather was denied his Sixth Amendment right to a public trial. This Court concludes that he was not.

## I. FACTS

In March of 1987 Fayerweather was tried before a jury in the Rhode Island Superior Court for second degree sexual assault. The complaining witness was a six year old girl. After questioning the child to determine her competency, the trial judge, citing the witness's age and the expected nature of her testimony, issued an order permitting only members of Fayerweather's family, media representatives and any other individuals Fayerweather designated to be present while she testified. Fayerweather objected to that order, but the trial judge concluded that, at least to the extent of the restrictions imposed, Fayerweather's right to a public trial was overridden by a compelling need to protect the child's welfare. Before issuing that order, the trial judge considered the arguments of counsel but did not conduct an evidentiary hearing. No restrictions on attendance were imposed with respect to any other phase of the trial.

Fayerweather was convicted and appealed to the Rhode Island Supreme Court contending, among other things, that the order in question deprived him of his right to a public trial. In denying that appeal, the court stated that even if the order was erroneous, any such error was harmless because no prejudice resulted. In his habeas petition, Fayerweather contends that there was no evidence to support the trial judge's conclusion that there was a sufficiently compelling reason for overriding Fayerweather's right to a public trial. He also challenges the notion that he is required to demonstrate that he was prejudiced by the alleged denial of that right.

## II. DISCUSSION

■ The Sixth Amendment states that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial...." The Fourteenth Amendment

makes that requirement applicable to the states. The purpose of the requirement is to help insure that a defendant is accorded a fair trial. It is intended to eliminate the abuses that the framers of the Constitution recognized were inherent in the secret "star chamber" proceedings formerly utilized in England. *In re Oliver*, 333 U.S. 257, 268–270, 68 S.Ct. 499, 505–506, 92 L.Ed. 682 (1947). It seeks to accomplish that purpose by enabling the public to see that the defendant receives just treatment thereby making the judge and prosecutor more keenly aware of their responsibilities, encouraging witnesses to come forward and discouraging perjury. *Waller v. Georgia*, 467 U.S. 39, 46, 104 S.Ct. 2210, 2215, 81 L.Ed.2d 31 (1984).

■ Courts have generally recognized the difficulty that a defendant would have in demonstrating that deprivation of a right to a public trial caused him harm. Consequently, if that right is violated, the defendant is not required to prove specific prejudice in order to obtain relief. *Waller*, 467 U.S. at 49, 104 S.Ct. at 2217; *Martineau v. Perrin*, 601 F.2d 1196, 1198 (1st Cir.1979).

■ However, the right to a public trial is not absolute. In some circumstances, it may be overridden by other rights or interests. One such interest is "safeguarding the physical and psychological well-being of a minor [witness]." *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 607, 102 S.Ct. 2613, 2620, 73 L.Ed.2d 248 (1982); *Waller*, 467 U.S. at 45, 104 S.Ct. at 2214. The determination as to whether exclusion of the public is necessary to protect a minor's welfare is one that must be made on a case-by-case basis. Among the factors to be weighed are the minor's age, psychological maturity, understanding, and the nature of the crime. *Globe*, 457 U.S. at 608, 102 S.Ct. at 2620–21. The test to be applied was articulated in *Waller* as follows:

> [T]he party seeking to close the hearing must advance an overriding interest that is likely to be prejudiced, the closure must be no broader than necessary to protect that interest, the trial court must

consider reasonable alternatives to closing the proceeding, and it must make findings adequate to support the closure. *Waller*, 467 U.S. at 48, 104 S.Ct. at 2216.

In this case, there can be little doubt that the first three requirements were satisfied. The overriding interest cited was the well-being of the complaining witness. After considering the fact that the witness was only six years old and that her anticipated testimony involved matters that were obviously very intimate and traumatic, the trial judge concluded that she would be adversely affected if some restrictions were not placed on who could be present while she testified.

■ Furthermore, the scope of that restriction was carefully limited and narrowly tailored to achieve its intended purpose. It applied only while the complainant testified. Attendance was not limited in any way during the other phases of the trial. Moreover, Fayerweather's family, representatives of the media and individuals designated by Fayerweather were specifically exempted from the restrictions. The fact that none of them actually chose to attend is irrelevant. Fayerweather himself elected not to designate any persons whose attendance he desired and, therefore, if, in fact any such persons existed, he cannot complain that they were excluded. Nor does the absence of the aforesaid categories of individuals establish a constitutional violation. The Sixth Amendment does not guarantee a defendant an audience. It merely guarantees that members of the public will have a right to attend a defendant's trial unless there are compelling reasons for excluding them.[1]

Finally, the trial court did consider other alternatives. Specifically, the judge discussed the possibility of televising the complainant's testimony but rejected that option because of concern that it would infringe on the defendant's right to confrontation. Fayerweather, through his counsel, concurred in that decision and has not identified any other alternative that he contends should have been considered.

---

1. There is nothing in the record indicating that anyone was, *in fact*, excluded.

■ The only issue truly in dispute is whether the trial judge made findings sufficient to warrant the restrictions he imposed. Fayerweather asserts that, because no evidentiary hearing was conducted, the trial judge's determination was based on unsupported assumptions rather than factual findings. The short answer to that assertion is that there is no prescribed format to which a trial judge must adhere in fulfilling the mandate that adequate findings be made to support a closure order. All that is required is that the trial judge:

> [A]rticulated ... findings specific enough that a reviewing court can determine whether the closure order was properly entered.

*Press Enterprise Co. v. Superior Court of California,* 464 U.S. 501, 510, 104 S.Ct. 819, 824, 78 L.Ed.2d 629 (1984).

■ In this case, the trial judge satisfied that requirement. He specifically cited the complaining witness's age and the expected nature of her testimony as reasons for concluding that partial closure of the courtroom was necessary to protect her well-being. Furthermore, he reached that conclusion only after questioning the witness and obviously making judgments with respect to her maturity, understanding and reactions to testifying in a trial setting. Those judgments are implicit in his stated reasons. Similarly, it is obvious that the trial judge's allusion to the nature of the witness's anticipated testimony referred to the very intimate and traumatic nature of the subject matter and was tantamount to a finding that forcing her to recount the details in the presence of anyone who chose to attend would subject her to unacceptable and unnecessary stress.

In short, it is clear that, in issuing his order, the trial judge did not arbitrarily adopt a *per se* rule of the type referred to in *Globe.* He did not assume closure was required solely because the victim was a minor and the crime was a sex offense. Rather, he made the type of careful case-by-case analysis contemplated by *Globe,* 457 U.S. at 608, 102 S.Ct. at 2620–21. In so doing, he was not required to belabor the obvious by exhaustively reciting every ob-

servation and inference underlying his findings. All that he was required to do was to articulate those findings in terms specific enough to permit a reviewing court to determine the basis for the order. In this case, that was done.

Furthermore, it is clear that the trial judge's findings and/or conclusions were correct and sufficient to warrant the limited restrictions he imposed. As previously noted, the Supreme Court has recognized that protection of a minor's well-being is an adequate reason for restricting attendance at a criminal trial. *Globe,* 457 U.S. at 607, 102 S.Ct. at 2620. Moreover, the trial judge's decision was based on the very factors enumerated in *Globe.*

Fayerweather relies heavily on the *Santos v. Brown,* 596 F.Supp. 214 (D.R.I.1984). In that case, habeas corpus relief was granted to an individual convicted of sodomy because the courtroom had been closed to the public while the victim testified. However, *Santos* is readily distinguishable from the instant case for a number of reasons. First, the complaining witness was 22 years of age rather than six years old. Second, in *Santos* the trial judge did not question the witness or make any other effort to determine the effect that testifying was likely to have upon her. Finally, the scope of the restriction imposed in that case was far broader. *All* spectators were excluded from the courtroom, and members of the defendant's family as well as members of the press were actually required to leave the courtroom while the complainant testified. Because of those distinctions, *Santos* is inapposite to the instant case.

### III. CONCLUSION

For all of the foregoing reasons the Magistrate's Report and Recommendation is accepted, and the petition for a writ of habeas corpus is denied.

IT IS SO ORDERED.